IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:04-CR-56-2H
No. 4:07-CV-186-H

NATHAN S. PETWAY,

    Petitioner,

v.

                       **ORDER**

UNITED STATES OF AMERICA,
    Respondent.

This matter is before the court on the government's motion to dismiss petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner was tried by a jury and convicted of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371, armed bank robbery in violation of 18 U.S.C. § 2113, and using, carrying and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). The court granted petitioner's request for a variance from the guideline sentencing range and, on September 7, 2005, sentenced petitioner to a 300-month term of imprisonment as a career offender. Petitioner's convictions and sentence were affirmed on appeal. United States v. Petway, No. 05-5020 (4th Cir. Dec. 7, 2006). On November 27, 2007, petitioner filed a timely

motion to vacate pursuant to 28 U.S.C. § 2255. By order filed April 21, 2008, this court dismissed petitioner's challenge to his classification as a career offender and ordered the United States Attorney to respond to petitioner's ineffective assistance of counsel claims. The government responded by filing the motion to dismiss now before the court. Petitioner has filed a response to the government's motion to dismiss, as well as a motion to supplement and a motion for an evidentiary hearing.

## COURT'S DISCUSSION

Petitioner raises the following issues in his § 2255 motion: that his counsel was ineffective for (1) not challenging the right to a speedy trial; (2) not preventing an unfair trial and sentence; (3) not objecting to the prosecution's withholding of evidence and prosecutorial misconduct; (4) not objecting to the prosecution's solicitation of false and perjured testimony; (5) not moving to dismiss the indictment; and, (6) not raising certain issues on appeal.

To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. <u>Id.</u> at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range

2

of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The court finds that petitioner's motion is without merit for the reasons stated in the government's memorandum in support of its motion to dismiss as well as for the reasons below.

## I. Speedy Trial

Petitioner argues that his speedy trial time should have been calculated while he was held in state custody, and that analyzing the time from this standpoint would show a speedy trial violation. However, the 30-day time period for indictment does not begin to run until there is a federal arrest, and the presence of federal agents with state law enforcement at the arrest does not make it federal. See United States v. Iaquinta, 674 F.2d 260, 264-69 (4th Cir. 1982). Also, from petitioner's indictment on August 25, 2004, until his trial in April 2005, this court granted several continuance motions, each time finding that the need for a continuance outweighed the interest of the public and the defendant in a speedy trial.

Petitioner has not shown that counsel acted unreasonably in failing to raise Speedy Trial Act violations or that he was prejudiced by trial counsel's actions. His motion is, therefore, denied as to

3

this claim.

## II. "Unfair Trial and Sentence"

Petitioner also argues that the court improperly allowed a document to be admitted over his objection, without first requiring authentication; and he is unhappy that his attorney initially objected, but later withdrew his objection. Such a decision is a matter of trial strategy. Courts must make "every effort . . . to eliminate the distorting effects of hindsight," Strickland, 466 U.S. at 689, and to evaluate an attorney's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances," United States v. Roane, 378 F.3d 382, 410 (4th Cir. 2004) (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Petitioner also argues that his trial counsel erred by not having the trial continued for a defense witness whom he claims could have testified that he was not at the scene of the crime. However, petitioner has not shown that the result of his case would have been

4

different, as is required by <u>Strickland</u>.  The government also points to the overwhelming evidence of petitioner's guilt.  (Mem. in Supp. Mot. Dismiss at 4.)

**III.  Failure to Object to Withholding of Evidence by Government**

Petitioner appears to argue that the government withheld exculpatory evidence, in the form of testimony of a Mrs. Williams, the girlfriend of one of the witnesses who testified against petitioner.  There is no evidence, other than petititioner's mere allegations, that the government actually withheld such evidence, or that any such evidence existed.  The government did disclose the statement of Ms. Williams to defense counsel, and defense counsel chose not to call Ms. Williams, a matter of trial strategy this court cannot now second-guess.  As to this issue, petitioner has not met his burden of showing unreasonable performance of counsel or prejudice as a result of counsel's actions, and his motion is denied as to this claim.

**IV.  Prosecutor's Solicitation of Perjured Testimony**

There is also no evidence that the government solicited any perjured testimony during the course of the trial.  Petitioner's speculation regarding such has no support from the record and is therefore without merit.

5

### V. Failure to Move to Dismiss the Indictment

On this matter, petitioner also fails to meet the Strickland standard. There is no evidence that the indictment in question warranted dismissal.

### VI. Failure to Raise Certain Issues on Appeal

Petitioner claims that appellate counsel failed to raise meritorious issues on appeal, because his appellate counsel did not raise all the issues that petitioner now brings before the court. However, the record shows that appellate counsel filed an Anders brief in this case and petitioner and his codefendant both filed their own supplemental briefs. Petitioner cannot show the result of his appeal would have been different had other issues been raised. The Fourth Circuit held that "we have reviewed the record in this case and have found no meritorious issues for appeal." Petway at 246. Petitioner's claim of ineffective assistance of appellate counsel is also without merit and is therefore denied.

### VII. Motion for Leave to Supplement

On July 23, 2010, petitioner filed a motion for leave to supplement. The court grants the motion to supplement [DE #153] and has considered petitioner's supplemental brief in reviewing this matter. However, the case law on which petitioner bases his argument is from the Sixth Circuit and is not binding on this court. See United States v. Almany, 598 F.3d 238 (6th Cir. 2010).

6

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED and petitioner's § 2255 motion is DISMISSED. Petitioner's motion for leave to file [DE #153] is GRANTED, and all other pending motions, including the motion for extension of time [DE #118] and motion for hearing [DE #150] are deemed moot. The clerk is directed to close this case.

This 18th day of November 2010.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

7

Case 4:04-cr-00056-H   Document 154   Filed 11/18/10   Page 7 of 7